```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION

GARY ENGEL,                      )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    No.  10 C 3288
                                 )
ROBERT BUCHAN, et al.,           )
                                 )
          Defendants.            )
```

## MEMORANDUM

At the end of last week Gary Engel ("Engel") filed this action against former FBI Agent Robert Buchan ("Buchan"), former Buffalo Grove police officer Robert Quid ("Quid") and the Village of Buffalo Grove itself. Although other related claims are also included, in principal part Engel charges that Buchan and Quid framed him on a Missouri kidnapping charge--that in doing so they "fabricated evidence, manipulated witnesses and withheld exculpatory evidence" (Complaint ¶23). That asserted misconduct led to Engel's criminal conviction and a 90-year sentence, 19 years of which he served before he was released as the result of habeas corpus proceedings that were ultimately upheld by the Missouri Supreme Court.

As it always does in cases newly assigned to its calendar, this Court has entered an initial scheduling order that in part sets an initial status hearing to be held at 9 a.m. July 16, 2010. And as this Court always does with all new filings in cases on its calendar, it has taken an immediate look at the

Complaint to see whether any issues should be earmarked for early consideration--either before or at the initial status hearing, depending on the nature of those issues. This memorandum, which is by no means intended to be exhaustive, will serve to identify two such matters.

For one thing, Engel's codefendant in the Missouri criminal proceedings--former Chicago Police officer Steve Manning ("Manning"), who was convicted there not only of kidnapping but of a related murder--was ultimately cleared. Manning then sued Buchan and another FBI agent for the asserted violation of his constitutional rights, coupling that claim with a Federal Tort Claims Act claim against the United States stemming from that same activity.

Before this Court's colleague Honorable Matthew Kennelly, Manning succeeded in getting a $6.5 million jury verdict against the two FBI agents, while Judge Kennelly ruled in the United States' favor on the FTCA claim (as to which, of course, there is no right to a jury trial). But because 28 U.S.C. §2676 provides that any judgment in an FTCA action against the government provides a complete bar to any action against the government employee whose act or omission gave rise to the claim, Judge Kennelly then vacated the $6.5 million judgment.

That ruling was upheld on appeal in <u>Manning v. Miller</u>, 546 F.3d 430 (7th Cir. 2008). Complaint ¶37 characterizes that

2

result as truly unique, and this Court has no reason to question that characterization. But in this Court's judgment, the subject teed up for consideration by that sequence is what Engel has alleged in his Complaint ¶38:

> Notwithstanding that Mr. Manning's judgment on the jury's verdict against Buchan was "barred" by operation of the FTCA, that judgment retains preclusive effect for purposes of collateral estoppel. Specifically, where a federal jury has already decided the issue against Buchan after a lengthy trial, he is presently estopped in this and any other litigation from denying that he committed misconduct during the investigation of the Missouri kidnapping.

This Court has serious doubts in that respect (perhaps an understatement). Conventional wisdom teaches that the vacatur of a judgment renders it a nullity, just as though no judgment had ever been entered--here, for example, is a relevant excerpt from Pontarelli Limousine v. City of Chicago, 929 F.2d 339, 340 (7th Cir. 1991):

> A vacated judgment has no collateral estoppel or res judicata effect under Illinois law, Matchett v. Rose, 36 Ill.App.3d 638, 649, 344 N.E.2d 770, 779 (1976)(or any other law, No East-West Highway Committee, Inc. v. Chandler, 767 F.2d 21, 24 (1st Cir. 1985)).

That then is one subject that the parties should be prepared to speak to at the initial status hearing. As for the other, it is obvious that a potential limitations problem is involved where, as here, the charged misconduct occurred so many years ago. And in that respect it would seem that the parties should be prepared to address such questions as (1) whether Heck v.

3

Humphrey, 512 U.S. 477 (1994) is operative to deal with that issue,[1] (2) whether the habeas relief obtained by Engel in February of this year (State ex rel. Engel v. Dormire, 304 S.W.3d 120 (Mo. 2010)(en banc)) granted that relief on grounds indicative of Engel's innocence and (3) whether the answer to question (2) makes any difference.

_____
Milton I. Shadur
Senior United States District Judge

Date:  June 4, 2010

---

[1] Heck's potential applicability extends to Bivens actions (see Clemente v. Allen, 120 F.3d 703, 705 (7th Cir. 1997)(per curiam)) as well as to claims under 42 U.S.C. §1983.