```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

GARY ENGEL,                )
                           )
        Plaintiff,          )
                           )
        v.                  )    No. 10 C 3288
                           )
ROBERT BUCHAN, et al.,      )
                           )
        Defendants.         )

## MEMORANDUM OPINION AND ORDER

Former FBI agent Robert Buchan ("Buchan") has filed a motion to stay proceedings pending resolution of his appeal of what he characterizes as this Court's "effectual denial" of qualified immunity[1] in this action brought against him and others by Gary Engel ("Engel"). But as Engel responds, that motion must be considered against the background that Buchan has previously lost an appeal that is for all intents and purposes identical (Manning v. Miller, 355 F.3d 1028, 1035 (7th Cir. 2004). On that score Engel invokes the authority set out in Apostol v. Gallion, 870 F.2d 1335, 1339 (7th Cir. 1989) to urge that the appeal be certified as frivolous, so that proceedings may continue in this Court during the pendency of the appeal.

This Court is of course keenly conscious of the admonition

---

[1] While this Court had expressed considerable skepticism as to whether Buchan was entitled to a qualified immunity defense, it had not yet rendered a decision at the time of Buchan's appeal. But because the mere filing of an appeal casts a cloud on this Court's jurisdiction, this Court has heretofore refrained from addressing the subject since the filing of the appeal.

in <u>Apostol</u>, 870 F.2d at 1339 that "[s]uch a power must be used with restraint."[2] But the truly unique circumstances here, in which both Engle and Manning were convicted and imprisoned based on the identical conduct by Buchan that was held in the <u>Manning</u> litigation to have violated the Constitution, requires careful consideration of Engel's argument.

Buchan attempts to sidestep the consequence of his previous defeat by arguing that <u>Manning</u> did not address whether special factors counsel against recognizing a <u>Bivens</u> claim for <u>Brady</u> violations. But that is a nonstarter. Nonmutual or offensive collateral estoppel applies so long as there was an <u>opportunity</u> for a full and fair hearing (<u>Parklane Hosiery Co. v. Shore</u>, 439 U.S. 322, 332-33 (1979)), and Buchan was free to raise a special-factors argument at that time. It is not as if the Supreme Court had announced a special-factors test for the first time in <u>Wilkie v. Robbins</u>, 551 U.S. 537 (2007), for that formulation dates back to <u>Bivens</u> itself (<u>Bivens v. Six Unknown Named Agents of Federal</u>

---

[2] That cautionary note should neither be misunderstood nor overread, however. As the Supreme Court itself stated in <u>Behrens v. Pelletier</u>, 516 U.S. 299, 310-11 (1996), citing <u>Apostol</u> as well as cases from several other circuits:

> In the present case, for example, the District Court appropriately certified petitioner's immunity appeal oas "frivolous" in light of the Court of Appeals" (unfortunately erroneous) one-appeal precedent. This practice, which has been embraced by several Circuits, enables the district court to retain jurisdiction pending summary disposition of the appeal, and thereby minimizes disruption of the ongoing proceedings.

Bureau of Narcotics, 403 U.S. 388, 396 (1971)).

Neither does the dictum in Carvajal v. Dominguez, 542 F.3d 561, 570 & n.3 (7th Cir. 2008) which questions whether a Bivens action should lie to address Brady violations, provide a persuasive basis for escaping the effect of offensive collateral estoppel. Even apart from the fact that the Supreme Court (see Davis v. Passman, 442 U.S. 228 (1979)) and our Court of Appeals (Manning, 335 F.3d at 1031) have already recognized such an action, Buchan is still bound by the final determination in Manning that denied him qualified immunity.

Buchan fares no better with his assertion that the plausibility and specificity requirements articulated in the Twombly-Iqbal dichotomy somehow distinguish his current appeal from that in Manning. Nothing in those decisions changes the fact that the identical issue was already decided against him there. And as a substantive matter, there can be no real doubt that the allegations in this action, which are extraordinarily similar to those that resulted in a $6.4 million jury verdict against Buchan in Manning (a verdict that was later overturned in Manning v. United States, 546 F.3d 430, 438 (7th Cir. 2008) because it was trumped by the district court's Federal Tort Claims Act ruling against Manning) would emerge unscathed from Twombly-Iqbal analysis.

Moreover, this Court is well aware that Buchan has already

3

been subjected to far-reaching discovery in the <u>Manning</u> litigation on many of the same matters that are to be explored in this action. That being so, one of the harms that the collateral order doctrine was designed to prevent--shielding officials from burdensome pre-trial discovery (see <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 526-27 (1985))--is of far less concern here.

In sum, this Court (1) certifies Buchan's current appeal as frivolous and (2) consequently denies his motion to stay proceedings in this District Court pending resolution of that appeal. This action has previously been set for a status hearing at 9 a.m. on December 6, 2010. At that time this Court expects to discuss the course of further proceedings with counsel for the parties.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 3, 2010