IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GARY ENGEL,                    )
                               )
      Plaintiff,           )
                               )
    v.                       )   No. 10 C 3288
                               )
ROBERT BUCHAN, et al.,         )
                               )
      Defendants.          )

## MEMORANDUM OPINION AND ORDER

On March 29, 2011 defendant Robert Buchan ("Buchan") appealed this Court's denial of qualified immunity from the Bivens claim advanced against Buchan and several codefendants (including the United States) by plaintiff Gary Engel ("Engel").[1] Upon filing his notice of appeal, Buchan moved in this Court for a stay of proceedings pending resolution of the appeal. What follows is the ruling on that motion.

Although the concept of "jurisdiction" can resemble Joseph's coat of many colors in different contexts (Apostol v. Gallion, 870 F.2d 1335, 1337-38 (7th Cir. 1989)), the notice of an interlocutory appeal from a denial of qualified immunity divests the district court of jurisdiction to proceed with a trial on the merits (id. at 1338). That approach "also protects a public official from burdensome pretrial proceedings, most notably discovery" (May v. Sheahan, 226 F.3d 876, 880 (7th Cir. 2000)).

---

[1] That was Buchan's second qualified immunity appeal, the first having been dismissed for lack of jurisdiction (Engel v. Buchan, No. 10-3642 (7th Cir. Dec. 21, 2010)).

In light of that clear directive, these proceedings are appropriately stayed as to defendant Buchan during the pendency of his appeal.

Interlocutory appeals by a defendant do not, however, perforce divest the district court of jurisdiction over claims brought against <u>other</u> defendants--that is, issues that are not "aspects of the case involved in the appeal" (<u>Griggs v. Provident Consumer Discount Co.</u>, 459 U.S. 56, 58 (1982)(per curiam)). Instead <u>Apostol</u>, 870 F.2d at 1338-39 has persuasively explained numerous grounds for <u>not</u> imposing a stay vis-a-vis non-appealing defendants. And <u>May</u>, which Buchan unconvincingly cites for the purported proposition that <u>all</u> proceedings must be stayed pending appeal, actually confirms the appropriateness of limiting the scope of such a stay (226 F.3d at 880 n.2):

> The scope of the divestiture of jurisdiction effected by a <u>Forsyth</u> [qualified immunity] appeal is limited, however, The district court has authority to proceed forward with portions of the case not related to the claims on appeal, such as claims against other defendants or claims against the public official that cannot be (or simply are not) appealed. Still, a district court might find it best to stay an entire case pending the resolution of a <u>Forsyth</u> appeal. See, e.g., <u>Monfils v. Taylor</u>, 165 F.3d 511, 518-19 (7th cir. 1998).[2]

---

[2] [Footnote by this Court]  In <u>Monfils</u> the district court had conducted a jury trial of a defendant in the face of that official's interlocutory appeal of qualified immunity (<u>id</u>. at 518-19). And while that court endeavored to avoid the constitutional issues tied up in the appeal, there was some unfortunate (and perhaps inevitable) overlap (<u>id</u>. at 519). Obviously the complexity occasioned by the jury trial in <u>Monfils</u>

2

That last sentence teaches that the issue is left to the sound discretion of the district court. And here the Apostol-stated considerations, coupled with the later-mentioned fact that Buchan's counsel also represents the non-appealing codefendant United States (their substantive interests are, after all, parallel) and can obviously be counted on to protect Buchan's interests in the ongoing discovery process, point strongly against an overall stay of the case. Accordingly all parties except Buchan are ordered to proceed with discovery. And to the extent that Buchan is requesting the unwarranted stay of <u>all</u> proceedings as to <u>all</u> parties, his motion is denied.

As this Court has previously stated both in writing and from the bench, this lawsuit has dragged on too long, with the attendant problems of increased cost and a potential for the loss of evidence (see <u>Goshtasby v. Bd. of Trs. of the Univ. of Ill.</u>, 123 F.3d 427, 428 (7th Cir. 1997)). On the other side of the ledger, Buchan can point to no prejudice in permitting discovery to proceed as to the other parties. It is surely worth noting that Buchan's counsel also represents the United States, so that the prospect of his interests being harmed by the taking of discovery during the pendency of the appeal is remote, if not in fact nonexistent.

---

is very different from what is contemplated here--the mere continuation of discovery as to defendants other than Buchan.

Hence Buchan's motion is granted to the extent that proceedings are stayed as to him individually, but is denied in that discovery will continue to proceed as to the other parties. Finally, as stated orally in court on June 7, 2011 the parties are ordered to appear (telephonically, if need be) for a status conference on August 12, 2011.[3]

                                                  _____
                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date: June 8, 2011

---

[3] Buchan's previous motion to stay was denied by this Court because his appeal on qualified immunity grounds was deemed to be legally frivolous (Dkt. 88). While this Court's view of the potential success of Buchan's current appeal remains unchanged for several reasons, the importance of the intersection of Bivens and Brady to the United States Department of Justice and its federal agents has persuaded this Court that the appropriate course of action is to await the Seventh Circuit's ruling.