IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DANIEL ENGEL**, Administrator for the Estate of **GARY ENGEL**, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 10 C 3288 |
| **ROBERT BUCHAN**, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

After a good deal of tugging and hauling on both sides of the "v." sign in this action, it reached the Final Pretrial Order milestone following a January 27, 2014 conference for that purpose. What then remained substantively before the case could be set for trial was this Court's resolution of the overload of motions in limine that have since been tendered by both sides -- motions that must take their place in the line of pending matters on this Court's calendar.

There is also, however, a late-filed procedural set of motions by all defendants that seeks leave to file amended answers that would include a new affirmative defense ("AD") based on the alleged guilt of Gary Engel in the Missouri kidnapping as to which the Missouri Supreme Court has invalidated the conviction on which he had been imprisoned for many years. As could have been expected in view of the entire hotly contested history of this case, those motions have generated a paper blizzard that has just ceased (contemporaneously with a hiatus in -- and what is hoped to be the cessation of -- the seemingly endless snowfalls that began even before winter arrived formally here in Chicago). But when that blizzard has been subjected to real-world analysis (the legal equivalent of Justice Brandeis' famous aphorism in his book <u>Other People's Money</u>, "Sunlight is said to be the best of disinfectants"), the motions turn out to be a good deal

simpler than the lengthy cross-submissions would have suggested.

It should be remembered that a pleading of the sort that defendants now seek to inject into the case plays no part in the case's trial -- pleadings are not part of the paper package that goes to the jury together with the jury instructions. What matters at trial instead is whether, or the extent to which, the subject matter of the proposed AD enters into evidence. And so far as "making a record" for defendants is concerned, the very filing of the motions has accomplished that result if the motion is denied.

This opinion turns then to the real heart of the matter: the admissibility or inadmissibility of evidence that is said to be the underpinning of the proposed AD. Defendants' final submission -- their 4-1/2 page Joint Reply Brief filed March 6 -- identifies a single snippet (a half dozen lines in an October 24, 2012 Title III intercept) that they say demonstrates Engel's guilt. Indeed the snippet includes just one word by Engel -- "Yeah" -- following a statement by Steven Manning.[1]

When the motions now under consideration were first filed, defendants had not yet received the transcripts of the various Trial III intercepts of conversations between Manning and Engel. With the redacted transcripts of those Title III intercepts now having been publicly released, on February 19 defendants both (1) tendered those redacted transcripts to this Court (Dkt. 366) and (2) separately submitted an unredacted audio/video, with the latter submission being subject to the protective order that has been in place in this action.

---

[1] Manning has just been convicted (under the name Steven Mandell) in this District Court of a murder plot in a trial that generated major headlines because of the grisly nature of what the jury found to have been his actual murder plan (Manning had testified that it was just talk, but the jury obviously and swiftly discredited that testimony). Engel had been indicted with Manning in that criminal case, but he hanged himself in his cell before the trial.

This Court has not pored over the redacted transcripts or played the audio-video -- to quote Judge Posner's quip in United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991):

> Judges are not like pigs, hunting for truffles buried in briefs.

Instead this Court will assume, absent a swift further submission by defendants that points to anything other than the already-referred-to snippet, that the latter is the only proposed evidentiary peg on which they seek to hang their proposed AD.

What has been said to this point should not be misunderstood as a ruling that the few lines that have been tendered by defendants are inadmissible as a matter of law -- on the contrary, it would appear that they could under the appropriate circumstances be offered up to the jury as possible grist for its decisional mill.[2] It is rather that the presentation of that evidence under the special circumstances here would appear to be seriously unfair. After all, lawyers' argument -- on either side -- is of course not evidence, and the only witness who could have offered up a competing version of the meaning and significance of that snippet, Engel himself, is dead.

To this Court that poses a classic occasion for engaging in the balancing process that is mandated by Fed. R. Evid. 403. In that light this Court holds that any arguable probative value of the claimed evidence is substantially outweighed by the danger of unfair prejudice that would be generated by a once-sided evidentiary submission -- a submission that would necessarily generate competing arguments by lawyers who by definition cannot frame those arguments in terms of competing explanations by the actual persons involved.

---

[2] Because of the ruling reflected in the remainder of the text, it is unnecessary to reach an ultimate conclusion on that score.

In sum, the motions to add the disputed AD do not carry with them the level of "plausibility" that is called for by the Trombly-Iqbal canon in the evaluation of complaints, but that can fairly be extended to defendants who assert claims as well. All of those motions are denied.

                                                           Milton I. Shadur
                                                         Senior United States District Judge

Dated: March 10, 2014